EDELSTEIN v. GOLDFIELD.

(Supreme Court, Appellate Term.　February 23, 1905.)

MASTER AND SERVANT—CONTRACT OF EMPLOYMENT—BREACH—EXAMINATION OF PLAINTIFF BEFORE TRIAL.

Where, in an action for breach of a contract of employment, plaintiff's examination before trial was limited to what occupation, if any, plaintiff had after his discharge, and what efforts, if any, he made to obtain such employment, and what compensation was earned by him after his discharge, the order allowing such examination was not objectionable on the ground that defendant was thereby permitted to obtain evidence to rebut that which plaintiff might offer on the subject of damages.

Appeal from City Court of New York, Special Term.

Action by Wolf Edelstein against Joseph A. Goldfield. From an order granting a motion for the examination of plaintiff before trial, he appeals. Affirmed.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

Manheim & Manheim, for appellant.

Louis A. Jaffer, for respondent.

PER CURIAM. The defendant assumes that the plaintiff's examination is necessarily sought in order that the defendant may seek out evidence to rebut that which plaintiff may offer on the subject of damages. This assumption is not well founded.. The examination is strictly limited to an inquiry as to what occupation or employment, if any, the plaintiff had after the date of his discharge, and what efforts, if any, he made to obtain such employment, and what moneys or compensation were earned by him after his discharge. The facts thus sought to be elicited are strictly matters of defense, and are peculiarly within plaintiff's knowledge. Griffen v. Brooklyn Ball Club, 68 App. Div. 566, 73 N. Y. Supp. 864. To furnish the information can do plaintiff no harm in any proper sense, for he should not seek greater damages than he is entitled to. The affidavits sufficiently show that defendant expects and intends to use the evidence upon the trial, if anything pertinent is ascertained. If the evidence does not tend to diminish the damages, it will be irrelevant.

Order affirmed, with $10 costs and disbursements.